1

2

3              **UNITED STATES DISTRICT COURT**

4                   **DISTRICT OF NEVADA**

5                          * * *

6   VISA INTERNATIONAL SERVICE ASSOC.,

7                   Plaintiff,

8   v.                                        2:01-cv-00294-LRH-LRL

9   JSL CORPORATION,                          **ORDER**

10                  Defendant.

11

12          Before the court is Visa's Motion to Compel (#192), JSL's Opposition (#195), and Visa's Reply

13   (#197).  Visa moves the court to compel answers to interrogatories and the production of documents

14   from JSL, which opposes the motion on a variety of grounds.  Despite making a good faith effort to

15   address these objections, the parties were unable to resolve the discovery dispute.

16          The court has broad discretion in controlling discovery.  *Little v. City of Seattle*, 863 F.2d 681,

17   685 (9th Cir. 1988).  Relevance within the meaning of Fed. R. Civ. P. 26(b)(1) is considerably broader

18   than relevance for trial purposes.  For discovery purposes, relevance means only that the materials

19   sought are reasonably calculated to lead to the discovery of admissible evidence.  *See Oppenhemier*

20   *Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted); Fed. R. Civ. P. 26(b)(1).  However, a

21   court may limit discovery if it determines, among other things, that the discovery is unreasonably

22   cumulative or duplicative, obtainable from another source that is more convenient, less burdensome,

23   or less expensive, or the burden or expense of the proposed discovery outweighs its likely benefit.  Fed.

24   R. Civ. P. 26(b)(2).

25   **I.  Interrogatory No. 8**

26          Visa requests the court to compel JSL to provide a full and complete answer to Interrogatory No.

8 from its Third Set of Interrogatories.  JSL answered by incorporating by reference discovery that has been "specifically cited, annotated and attached to the various summary judgment pleadings." (Mot. (#192) Ex. F at 1).  Visa contends that this response is insufficient, inappropriate, and unresponsive.  Moreover, Visa argues JSL's affirmative defenses of laches, estoppel, and acquiescence were not briefed by JSL in the summary judgment proceedings.

JSL responds that it has repeatedly detailed its claims, defenses, and the evidence that supports those claims; therefore, any request to supplement its answer is harassment and unreasonably burdensome.  Rule 26(b)(2)(iii) authorizes the court to limit discovery where the burden or expense of the proposed discovery outweighs its likely benefit.  "The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden . . . ." *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 528–29 (D. Nev. 1997).  JSL has not alleged specifically how this request is unduly burdensome, or how it constitutes harassment.

Incorporation by reference of portions of a pleading is not a responsive or sufficient answer to an interrogatory.  *See Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 120 (D. Ga. 1972) (citing *J.J. Delaney Carpet Co. v. Forrest Mills, Inc.*, 34 F.R.D. 152, 153 (S.D.N.Y.)).  Moreover, the argument that "the other party did it, so I can too," is not an appropriate objection under Fed. R. Civ. P. 33(b).  If, however, JSL has produced the documents which support its affirmative defenses, requiring it to produce them again would be pointless.  JSL will be required to specify the documents from which the answer to the interrogatories may be "derived or ascertained" ... "in sufficient detail to permit [Visa] to locate and to identify ... the records from which the answer may be ascertained."  Rule 33(d).  And, to the extent an affirmative defense was not addressed specifically in JSL's briefs, JSL shall fully answer Interrogatory No. 8 with respect to said defense or defenses.

**II.  Document Request No. 1**

Visa requests documents that reflect or refer to JSL's use of "evisa" in any form or format other than that used on the "evisa.com" web site.  JSL again responded by incorporating by reference the evidence contained in the summary judgment pleadings in this case.  In its Opposition JSL states that

2

every use of "evisa" appears on the Internet and has been publicly viewed by Visa (*see* Opp'n (#195) at 7), therefore, no responsive document exists.

The statement that a party does not have documents in its possession responsive to a request for production is not an objection, and the court cannot compel production of documents that do not exist. Moreover, to the extent that a party later discovers additional responsive documents that have not been produced, it has a continuing obligation under Fed. R. Civ. P. 26(e), to supplement its prior production. Should a party fail to do so, that party bears the risk of significant sanctions pursuant to Fed. R. Civ. P. 37.

Visa has proffered sufficient information to question the accuracy of JSL's representation that certain documents don't exist (*see* Reply (#197) at 3). If JSL believes there are responsive documents in the summary judgment pleadings then it shall specify the documents in sufficient detail such that Visa can locate and identify them. Furthermore, JSL shall produce responsive documents to the extent such documents exist, and are not contained in the summary judgment pleadings.

**III.  Document Request No. 22**

Visa requests all documents that reflect or refer to methods by which JSL accepts payment for services. Visa believes such documents are relevant to a showing of consumer confusion because JSL offered credit card processing and used both the "Visa" and the "evisa" mark on its web site. JSL objected, stating that such information was not reasonably calculated to lead to the discovery of admissible evidence (Mot. (#192) Ex. F at 11). Moreover, JSL argues that even if such information were relevant, Visa obtained it during Joseph Orr's September 28, 2001 deposition.

"Under the Federal Rules, the scope of discovery should be allowed unless the information has no conceivable bearing on the case." *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 528 (D. Nev. 1997). This does not mean, however, that Visa is entitled to all the discovery it seeks. All methods through which JSL accepts payment for services are not relevant to a showing of confusion; thus, the Request is overbroad. JSL will, however, provide documents that reflect or refer to the Visa credit card payment services it used to accept payment for service, even if the actual transactions were

performed by a third-party.

**IV.  Document Request Nos. 37–40**

These Requests ask for production of documents that will establish JSL's revenue and expenses, including tax returns and bank statements.  Visa believes such documents are relevant to show the nature and extent of JSL's transaction business using the "evisa" mark and damages.  Visa argues such evidence is necessary to determine priority of use in the "evisa" mark.  Factors in such a determination include "the degree of ongoing activity of the holder to conduct business using the mark" and "the amount of business transacted." (Mot. (#192) at 11 (quoting *Chance v. Pac-Tel Teletrac, Inc.*, 242 F.3d 1151, 1159 (9th Cir. 2001)).

JSL objected that the documents were not reasonably calculated to lead to the discovery of admissible evidence (Mot. (#192) Ex. F. at 15).  Moreover, in its Opposition JSL states that its earnings from "evisa.com" are *de minimis* (Opp'n (#195) at 8).  In support of that statement, JSL avers that it provided all of the information concerning the business generated by "evisa.com" since the entry of the summary judgment order (*Id.* at 10).  Furthermore, it has no relevant documents responsive to these Requests.[1]  JSL suggests that the request for tax returns or bank statements when Visa is in possession of all of "evisa.com's" income information is harassment.

Although there is no absolute privilege for tax returns, the Ninth Circuit recognizes a public policy against their disclosure.  Therefore, if relevance is marginal, they should not be ordered produced.  *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975).  Such public policy against unnecessary public disclosure of tax returns indicates that the court should not require production of tax returns where information sought is readily obtainable by other means or from other sources.  *Terwilliger v. York Int'l Corp.*, 176 F.R.D. 214, 216–17 (W.D. Va. 1997).  The Requests are overly broad as the issue is the revenue derived from JSL's "evisa.com" business; all "non-

---

[1]Visa contends the assertion by JSL that there are not relevant documents is controverted by the deposition testimony of Joseph Orr because, he affirmed that JSL filed tax returns every year.  However, the court construes the assertion to mean that there are no relevant documents outside those objected to by JSL.

evisa.com" revenue and business is irrelevant, even to the damages issue.  Likewise, the Requests are not restricted to the relevant time period.  Next, the information, as testified to by Orr, is available in JSL's accounting software Quick Books.  Accordingly, JSL shall produce documents that show its income and expenses for its "evisa.com" business for the years 1999 to the present from its Quick Book, or other accounting software, records.

**V.  Documents Created Since the Stay of Discovery in December 2001**

Visa requests the court to compel all non-privileged documents that post-date 2001, to the extent they have not already been produced.  JSL avers that "nothing exists that is not privileged and has not been produced." (Opp'n (#195) at 11).  Generally, when a party withholds documents on the basis of privilege, it must provide detailed privilege logs in order to allow an informed evaluation of the claim by the requesting party.  *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 121 (D. Nev 1993).  If there exist post-2001 documents to which JSL is asserting a privilege it must update its privilege log.  *See* Fed. R. Civ. P. 26(b)(5).  A failure to comply with privilege log requirements will result in a finding that discovery opponents have failed to meet their burden of establishing the applicability of the privilege.  *See Allendale Mutual Ins. Co. v. Bull Data System, Inc.*, 145 F.R.D. 84, 88 (N.D. Ill. 1992).

**VI.  Mr. Orr's Personal Notebook Hard Drive**

Visa seeks an order compelling the inspection of a hard disk drive by an independent third-party forensic examiner.  JSL claims that the request is harassment at its worst because Mr. Orr has already gone to considerable trouble to locate and search backup files of the hard drive for "evisa" files.  The primary problem is that there is some confusion as to how many notebooks went south on Mr. Orr and when the computer crash (or crashes) occurred.  The first reference is to a 1998 hard drive (Mot. (#192) Orr Dep. Ex. M at 4).  JSL confirms the crash of Orr's personal notebook in 1998 (Opp'n (# 195) at 11).  However, the hard drive from 1998 is no longer in Mr. Orr's possession (Mot. (#192) Orr Dep. Ex. M at 5).  Orr then testified that he had a computer crash after 2002, and that he had retained the hard drive (Mot. (#192) Orr Dep. Ex. L at 5).  There is also an email message from Mr. Orr to his former counsel Greg Beber that indicates a hard disk meltdown in 1999 (Mot. (#192) at 14).  JSL does not address the

1999 and 2002 references in its Opposition.

Visa is hoping to retrieve emails related to Mr. Orr's communications with JSL's former counsel Parker Bagley, emails sent to JSL customers, and emails intended for Visa International's "evisa" division.  The emails to Bagley relate back to an order to produce all legal advise or opinions at any time up to the present with regard to JSL's use of application and domain name (*see* Order(#159)).  Although JSL claims a backup file did exist and was searched, it is unclear for which computer and for what time frame backup files were made.  However, the main problem for Visa is that there is no evidence that data exists that has not been produced from the backup files.

Given this set of circumstances, if Visa believes there is relevant information that can be recovered from a crashed hard drive retained by Mr. Orr, it may hire a forensic expert at its own expense.  The court finds the protocol set forth in *Simon Prop. Group L.P. v. MySimon, Inc.*, 194 F.R.D. 639 (D. Ind. 2000) instructive.

Visa may select an expert and defendant shall have an opportunity to object to the selected expert.  After the expert is selected, all communications between the expert and Visa's counsel shall take place either in the presence of JSL's counsel or through written electronic communications with a copy to JSL's counsel.  The agreed upon expert shall then use his or her expertise to create an "image" of the hard drive.  From the copy the expert shall then recover, and provide in a reasonably convenient form to JSL's counsel, all available email messages.  To the extent possible, the expert shall also provide to JSL's counsel any information showing when any recovered "deleted" file was deleted, and the available information about the deletion and contents of any deleted file that cannot be recovered.  After receiving the records from the expert, JSL's counsel shall then review these records for privilege and responsiveness to plaintiff's discovery requests.  JSL's counsel shall then supplement defendant's responses to discovery requests with responsive documents and a privilege log, if appropriate.

The expert shall sign the protective order in the case (Stipulated Protective Order (#36)) and shall retain until the end of this litigation the "image" copy of the hard drive and a copy of all files provided to JSL's counsel.  At the end of this litigation, the expert shall then destroy the records and

confirm such destruction to the satisfaction of JSL.  The expert shall not disclose the contents of any files or documents to Visa or its counsel or other persons.  The expert may designate assistants to help in this project.  Each assistant shall sign the protective order in this case and shall be subject to all provisions applicable to the expert.

**VII.  Sanctions**

Visa believes it should be awarded attorney's fees and expenses pursuant to Fed. R. Civ. P. 37(a)(4).  A court must impose attorney's fees and expenses when it compels discovery unless the opposing party was substantially justified in resisting discovery.  Fed. R. Civ. P. 37(a)(4)(A).  Substantially justified means that reasonable people could differ as to the appropriateness of the contested action.  *Pierce v. Underwood*, 487 U.S. 552, 565 (1998).

Although the court limited some of Visa's discovery requests, the court finds that JSL was not substantially justified in resisting discovery.  Foremost, because the law is clear that a party may not incorporate by reference prior pleadings in answer to interrogatories, *see supra*.  Moreover, JSL was not responsive to Visa's ongoing dialogue regarding the discovery disputes.  JSL rebuts this assertion by stating "when a question is raised by Plaintiff to which there has not been at least one answer previously given , JSL responds" (Opp'n (#195) at 2).  And, that "JSL, a single-shareholder corporation, does not have the means to engage in extended dialogue over matters that the Court will ultimately have to resolve" *Id.*

JSL's position was not substantially justified, it did not lodge proper objections under Fed. R. Civ. P. 33(a) and 34(b), and it did not clearly and concisely articulate a valid position to Visa.  Unilaterally deciding that the discovery disputes need to be resolved by the court contravenes the requirement for a meaningful meet and confer.  *See* LR 7-2(d); *see also, Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993) (discussing the need for a meaningful meet and confer to further the purpose of the Rule); *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996) (meet and confer must be personal or telephonic two-way communication).  For these reasons, the court will award Visa $1,400.00 as the reasonable fees incurred in making this motion.

JSL's continued failure to comply with its discovery obligations may result in substantial evidentiary sanctions pursuant to Fed.R.Civ.P. 37(b).

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion to Compel (#192) is GRANTED.  Defendant shall respond to the discovery requests as ordered, *supra*, not later than November 6, 2006.

IT IS FURTHER ORDERED that if plaintiff chooses to hire a third-party forensic expert at its own expense, such expert shall be designated not later than November 6, 2006.  If defendant objects to the designated expert, the objection shall be filed not later than November 20, 2006.

FINALLY, IT IS ORDERED that defendant shall pay to plaintiff, not later than November 30, 2006, the sum of $1,400.00 as the reasonable fees incurred in making this motion.

DATED this 20th day of October, 2006.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**