UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| VISA INTERNATIONAL SERVICE ASSOCIATION, a Delaware corporation,<br><br>               Plaintiff,<br><br>vs.<br><br>JSL CORPORATION, a Nevada corporation,<br><br>               Defendant. | 02:01-CV-0294-LRH (LRL)<br><br><br>ORDER |

    Before the court are multiple pending motions. Defendant JSL Corporation ("JSL") has filed a motion to strike one of Plaintiff Visa International Service Association's ("Visa") designated expert witnesses (#173[1]) and a motion in limine to exclude the testimony of another of Visa's expert witnesses (#174). Visa has filed an opposition to each (##182 & 184), to which JSL has replied (##189 & 190). Visa has filed a motion for extension of time to file a response to JSL's pending motion for summary judgment as well as for an extension of the deadline to file dispositive motions in this matter (#178). JSL has filed oppositions (##180 & 186), to which Visa has replied (##188 & 191). Finally, JSL has filed a motion for summary judgment on count three of the complaint (#175).

    This court has previously made a partial ruling concerning Visa's motion for an extension of time to file an opposition to JSL's pending motion for summary judgment (#181). The time to respond to that motion has been tolled pending resolution of the matters now before the court.

///

---

[1] References to (#XX) refer to the court's docket.

1    This matter has an extensive procedural history, having been disposed of on summary
2 judgment then returned to the court due to an intervening change in the law. The parties are well
3 versed in both the factual and procedural history of this matter and, therefore, the court will
4 recount the facts of this case only as they relate to the specific motions pending.

5    **1.    Motion to Strike Expert Witness**

6    On March 15, 2006, Visa designated Dr. Edward Blair as an expert witness. JSL seeks to
7 strike Dr. Blair as an expert witness, claiming that his designation was untimely. It is undisputed
8 that the parties had agreed to extend the discovery cutoff date to March 15, 2006. The dispute
9 questions whether Dr. Blair's expert opinion falls within the scope of the discovery issues, or
10 whether Dr. Blair's designation should have occurred at the initial close of discovery, prior to
11 reversal on appeal, on September 5, 2001.

12    The court has reviewed the orders entered regarding the reopening of discovery in this
13 matter. In its order of September 27, 2004 (#155), the court granted both parties requests to
14 reopen discovery. It was noted that several years had passed since discovery had been stayed,
15 creating the potential for new evidence to become available. It was also understood that there
16 had been an intervening change in the law which modified the standards for determining
17 trademark dilution. And, it was determined that several previously dismissed counterclaims had
18 become viable again because of the change in law. As such, the court stated that "the parties may
19 decide to seek additional expert evidence or different experts. Moreover, such additional
20 discovery may be helpful to the Court." (#155 at 3).

21    The intervening change in the law, as well as the revival of several previously dismissed
22 claims, made it necessary to reopen discovery on a broad scale. Nothing in the court's order of
23 September 27, 2004, would limit the designation of Dr. Blair as an expert. JSL contends,
24 however, that Minutes of the Court, filed after a discovery conference (#159), indicate that
25 discovery was to be limited merely to updating existing information and modifying former
26 opinions. The court notes that neither the undersigned judge nor Magistrate Judge Leavitt,
27 signed the minutes cited. Rather the minutes were signed by the court clerk. Accordingly, those
28 minutes cannot overrule the previous order of the court, opening up discovery broadly to cover

the intervening change in law and all of its implications to this case.

Thus, the court concludes that the designation of Dr. Blair was not untimely. However, as there has arisen an arguable dispute over Dr. Blair's designation, the court will allow JSL to designate a rebuttal expert and depose Dr. Blair should it deem such action necessary.

**2.    Renewed Motion in Limine to Exclude Expert Witness**

JSL has moved to exclude one of Visa's expert witnesses, Dr. Itamar Simonson, on the grounds that Dr. Simonson's opinion is irrelevant under Federal Rule of Evidence 402 ("Rule 402") and that Dr. Simonson's opinion is inadmissible under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

*a.    Relevance*

Rule 402 states that evidence "which is not relevant is not admissible." JSL argues that Dr. Simonson's opinion relates only to the likelihood of dilution concerning Visa's trademark and therefore is irrelevant to the issue framed on remand - actual dilution. The court disagrees. Assuming JSL's characterization of Dr. Simonson's opinion is correct, such evidence would be relevant to the issue of actual dilution of the mark. Relevant evidence is evidence having any tendency to make the existence of any fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401. While not proving the proposition of actual dilution to a legal certainty, evidence that an action is likely to dilute a mark serves as circumstantial evidence that the mark was diluted by that action when taken in the past. As such, Dr. Simonson's opinion is relevant to the matters before the court.

*b.    Daubert Test*

Rule 702 provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." *Daubert* set forth several factors to consider when determining whether scientific evidence presented by an expert should be heard by the jury. 509 U.S. 579, 592-95. According to JSL, Dr. Simonson's evidence does not meet the factors set forth in *Daubert* for the admission of expert scientific evidence.

1    Visa responds by arguing that Dr. Simonson's opinion does not fall within the concept of
2 expert scientific evidence, but instead should be considered expert specialized knowledge
3 evidence. Citing to *United States v. Hankey*, 203 F.3d 1160, 1168-69 (9th Cir. 2000), Visa notes
4 that *Daubert's* true import was to solidify the gate-keeping function of the courts when dealing
5 with expert testimony. However, under *Hankey*, a trial court is given broad discretion in
6 determining how to enforce that function and is not required to rigidly apply the specific factors
7 relating to expert scientific evidence to cases involving expert specialized knowledge evidence.
8 *Hankey*, 203 F.3d at 1168 (discussing *Kuhmo Tire Co. v. Charmichael*, 526 U.S. 137 (1999)).

9    The court has reviewed *Daubert*, *Kuhmo Tire*, and *Hankey* and concludes that Visa is
10 correct in its assertion that the *Daubert* factors for scientific evidence are inapplicable to cases
11 involving specialized knowledge evidence. Further, the court finds that the evidence presented
12 by Dr. Simonson is specialized knowledge evidence rather than scientific evidence. It is
13 uncontested, at this stage, that no scientific method exists for determining whether actual dilution
14 of a mark occurred. However, Dr. Simonson still presents an opinion on the likelihood that
15 actual dilution occurred based on his review of relevant surveys and the application of his
16 specialized knowledge in the field to the results of those surveys. As such, Dr. Simonson is not
17 presenting scientific evidence, but rather evidence based on his specialized knowledge in the
18 field. Accordingly, the court will exercise its gate-keeper function, as required by *Daubert*,
19 under the Ninth Circuit's guidance regarding specialized knowledge experts as defined in
20 *Hankey*.

21    Under *Hankey*, courts exercising their gate-keeping function in expert specialized
22 knowledge situations look to six factors in determining admissibility: (1) whether the opinion is
23 based on scientific, technical, or other specialized knowledge; (2) whether the opinion would
24 assist the trier of fact in understanding the evidence or determining a fact in issue; (3) whether
25 the expert has the appropriate qualifications to render the opinion; (4) whether the testimony is
26 relevant and reliable; (5) whether the methodology or technique used fits the conclusions; and (6)
27 whether the opinion's probative value is substantially outweighed by the risk of unfair prejudice,
28 confusion of issues or undue consumption of time. *Hankey*, 203 F.3d at 1168.

In the present case, the proffered opinion is based on Dr. Simonson's specialized knowledge of trademark dilution and marketing issues. Further, the court concludes that such evidence would be helpful to the trier of fact in determining whether actual dilution of Visa's mark occurred. Dr. Simonson, himself, is the Sebastian S. Kresge Professor of Marketing at the Stanford University Graduate School of Business and a recognized expert on consumer behavior. He has won multiple awards for his scholarship and research in the fields of marketing and consumer behavior. He relied on surveys conducted by Visa in 2000, his own validation survey, studies of on-line payments from 2000 to 2001, and his own personal expertise to reach the conclusions in his opinion. The court considers these sources and Dr. Simonson's methodology to satisfy the requirements of reliability and proper methodology for this type of evidence. In addition, the court considers Dr. Simonson's qualifications sufficient to render him an expert in the subject at hand. Finally, the court does not see any prejudice arising out of the use of Dr. Simonson's opinion and therefore finds that the probative value of Dr. Simonson's opinion is not substantially outweighed by the potential for prejudice, confusion of the issues or undue consumption of time.

Accordingly, the court will not strike Dr. Simonson as an expert witness in this matter.

### 3. Motion to Extend the Dispositive Motion Cutoff Date

Visa has filed a dual motion seeking to extend the deadline to respond to a motion for summary judgment filed by JSL and to extend the deadline for the filing of dispositive motions. The court will first consider Visa's request to extend the dispositive motion cutoff date.

The court has reviewed the procedural history in this case and concludes that good cause exists to extend the deadline for filing dispositive motions. After discovery was reopened, several issues arose. Both Visa and JSL complain that the other is not properly responding to discovery requests. The parties have disputed the extent of discovery allowed and at least one motion to compel discovery was filed (#192). Thus, the court finds that Visa has been diligently prosecuting its case and that disputes over discovery between the parties, recently settled by the court (#199), have delayed the process and hindered some dispositive motions from being completed. Further, given the discovery dispute that existed, the court finds no prejudice in

1 extending the deadline for filing dispositive motions.

### 4. Motion to Extend Time to Oppose Pending Motion for Summary Judgment

The court has previously tolled the deadline for filing an opposition to JSL's motion for summary judgment. However, the court did not set a definitive time-line for Visa and JSL to follow. The court has now reviewed the pending motions which precluded the court from setting a time-line for opposition. As the court concludes that the filing of dispositive motions, as well as oppositions to such motions, in this matter is tied to the resolution of all outstanding discovery disputes, a new deadline must be set.

### CONCLUSION

Having reviewed all evidence provided to the court, as well as the procedural and factual history of this matter, the court notes that discovery is still ongoing and disputed. Further, a motion to compel was just recently decided by Magistrate Judge Leavitt which affects the type of evidence available to the parties in preparing dispositive motions and sets a deadline for further discovery at November 6, 2006. The court has also ruled on JSL's motions to strike Visa's expert witnesses, obviating any need to delay proceedings pending decisions on those matters.

It is therefore ORDERED that Visa's Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment on Count III and to Extend the Dispositive Motion Cutoff Date (#178) is GRANTED;

It is further ORDERED that JSL's Motion to Strike Plaintiff's Untimely-Designated Supplemental Expert Witness (#173) is DENIED;

JSL shall be afforded the opportunity to designate a rebuttal witness and depose Visa's expert if it so desires.

It is further ORDERED that JSL's Renewal of Motion in Limine to Exclude Testimony of Expert Witness Itamar Simonson (#174) is DENIED;

It is further ORDERED that JSL's Motion for Summary Judgment on Count III (#175) is DENIED without prejudice based on the possibility of further evidence becoming available through the resolution of disputed discovery issues. JSL may seek to renew the motion at a date to be determined by Magistrate Judge Leavitt.

1   This matter shall be referred to Magistrate Judge Leavitt for the purposes of setting new deadlines for JSL to designate a rebuttal witness and depose Visa's expert as ordered above and to set a new date for all dispositive motions to be filed.  This referral is made to allow Magistrate Judge Leavitt the opportunity to coordinate these new deadlines with the recently ordered discovery cutoff date.

DATED this 3rd day of November, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE